Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 730-2875
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Patrick D. Lynch; <br><br> Plaintiff, <br><br> v. <br><br> Midland Funding LLC; and Midland Credit Management, Inc.; <br><br> Defendants. | No. <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff resides in Pinal County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Midland Funding LLC ("MF") is a foreign limited liability company.
7. MF collects or attempts to collect debts which it claims to have purchased or been assigned after default.
8. MF is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. MF is a "person" as that term is defined by FCRA § 1681a(b).
10. MF is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.
11. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered to do business within the state of Arizona.
12. MCM is licensed as a collection agency by the Arizona Department of

      Financial Institutions, license number 0905285.

13. MCM collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.

14. MCM is a "debt collector" as that term is defined by FDCPA § 1692a(6).

15. MCM is a "person" as that term is defined by FCRA § 1681a(b).

16. MCM is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

17. At all times relevant herein, MCM was acting in concert with, on behalf of, and / or as agent for MF.

### IV.  Factual Allegations

18. Defendants have been reporting derogatory and inaccurate statements and information concerning Plaintiff to third parties for an unknown period of time, including reporting this information to one or more of the three national consumer reporting agencies, including Equifax, Trans Union, and / or Experian.

19. This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff's credit history.

20. Equifax and Trans Union have taken the inaccurate information furnished by Defendants and disseminated it to other third parties, including Plaintiff's creditors and potential creditors.

21. Sometime 2005, Plaintiff opened a credit card account with Capital One Bank.
22. In 2008 or 2009, Plaintiff missed a regular monthly payment, and the Capital One account went into default.
23. Subsequent to default, Capital One allegedly sold the account to MF.
24. After the alleged sale, MF assigned the account to MCM for collection purposes.
25. On June 1, 2015, Defendants filed a collection lawsuit against Plaintiff.
26. In the complaint, Defendants allege that the balance owed to MF on the account is $794.37.
27. Shortly after being served with the lawsuit, Plaintiff obtained copies of his credit reports from Equifax and Trans Union.
28. These credit reports showed that Defendants were reporting the account to the consumer reporting agencies with a balance owed of $2,015, which is much higher than the $794.37 claimed in the collection suit.
29. In June or July 2015, Plaintiff disputed the account with both Equifax and Trans Union.
30. Upon information and belief, and after receipt of Plaintiff's dispute, Equifax and Trans Union communicated Plaintiff's dispute of the account to Defendants.
31. Upon information and belief, Defendants responded to Equifax and Trans Union concerning Plaintiff's dispute and verified the reporting of the account as accurate.
32. On or about July 28, 2015, Equifax sent Plaintiff notice of its investiga-

|   |     |                                                                                                                                                  |
|---|-----|--------------------------------------------------------------------------------------------------------------------------------------------------|
|   |     | tion results concerning the Defendants' tradeline, including that the account had been verified, and continued to show a balance owing of $2,015 as of July 28, 2015. |
|   | 33. | Upon information and belief, Defendants have continued to report inaccurate information concerning the Capital One account to one or more of the consumer reporting agencies with a balance much greater that $795. |
|   | 34. | Defendants' investigations of Plaintiff's disputes were in all ways inadequate and did not comport with the requirements under FCRA 1681s-2(b). |
|   | 35. | Defendants ultimately "verified" its reporting of the account to Equifax and / or Trans Union. |
|   | 36. | Defendants have continued to report inaccurate, derogatory and improper information, and have failed to retract, delete, and / or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein. |
|   | 37. | As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress. |

### V.  CAUSES OF ACTION
### a.  FIRST CLAIM FOR RELIEF
### (Violation of FDCPA)

38. Plaintiff incorporates by reference paragraphs 1 though 37.
39. Defendants violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e((2)(A), 1692e(5), 1692e(8),

1692e(10), 1692f, and 1692f(1).

40. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### b. SECOND CLAIM FOR RELIEF

### (Negligent Noncompliance with FCRA)

41. Plaintiff incorporates by reference paragraphs 1 though 40.

42. Defendants and have failed to conduct a reasonable investigation of Plaintiff's disputes received from Equifax and /or Trans Union concerning their reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).

43. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury.

44. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

### c. THIRD CLAIM FOR RELIEF

### (Willful Noncompliance with FCRA)

45. Plaintiff incorporates by reference paragraphs 1 through 44.

46. Defendants have willfully failed to conduct a reasonable investigation of Plaintiff's disputes received from Equifax and / or Trans Union concerning their reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).

47. As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive

1  damages in an amount to be determined by the jury.

2  48.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a)  Actual damages to be determined by the jury;

b)  Statutory damages to be determined by the jury;

c)  Punitive damages to be determined by the jury;

d)  Attorney's fees;

e)  Costs and expenses incurred in this action; and

f)  Such other relief as may be just and proper.

DATED   October 12, 2015  .

   s/ Floyd W. Bybee   
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 730-2875
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorney for Plaintiff